IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 22-cv-002285-RMR-NRN

HARVEST WORSHIP CENTER, a Colorado Nonprofit Corporation,

　　　Plaintiff,

v.

RESOUND CHURCH, an Oregon Non-Profit Corporation,

　　　Defendant,

RESOUND CHURCH, an Oregon Non-Profit Corporation,

　　　Counterclaim Plaintiff,

v.

HARVEST CHURCH a/k/a HARVEST WORSHIP CENTER, STEPHEN LEE VALDEZ, VICKIE MAESTAS, and DANIEL VALDEZ,

　　　Counterclaim Defendants.

---

**ORDER ADOPTING MAGISTRATE JUDGE RECOMMENDATION ECF 65 REGARDING HARVEST CHURCH'S MOTION FOR REMAND (ECF #32) AND MOTION TO APPOINT RECEIVER (ECF #47)**

---

　　　Central to this case is a dispute between two churches and their respective leadership—Harvest and the Valdez family on one side and Resound and Luke Reid on the other. The heart of the dispute is ownership of the property located at 2300 West 90th Avenue, Federal Heights, Colorado, which is by all accounts the primary and most valuable asset of the church. The special warranty deed for the subject property identifies Resound as the sole title owner. Harvest has sued Resound challenging the ownership

and asserting myriad reasons why Harvest rather than Resound is the rightful owner of the subject property. The claims and central facts in this controversy are succinctly and thoughtfully set forth by Magistrate Judge N. Reid Neureiter in his Report and Recommendation on Harvest Church's Motion for preliminary Injunction and Temporary Retraining Order. ECF 141. What has ensued is an avalanche of filings since the case's removal to this Court on September 2, 2022 beginning with a challenge to the removal of the case.

On December 21, 2022, at ECF No. 65, Magistrate Judge N. Reid Neureiter issued a Recommendation on Plaintiff/Counterclaim Defendant Harvest Worship Center's ("Harvest") Opposed Motion for Remand, ECF No. 32 and Harvest's Opposed Forthwith Motion to Appoint Receiver Over Subject Property Pursuant to Fed. R. Civ. P. 66, ECF Nos. 47[1]. Magistrate Judge Neureiter recommends that both motions be denied. Harvest filed an objection to the Recommendation, at ECF No. 68. The Court has received and considered the Recommendation, the Objection, the record, and the pleadings. After consideration, the Court **OVERRULES** Harvest's objection and **ADOPTS** the Recommendation.

I.   **Harvest's Motion for Remand**

Harvest commenced this action in the District Court for Adams County, Colorado. Harvest filed a First Amended Complaint (FAC) on September 1, 2022 (ECF #6). Resound promptly removed the case to federal court pursuant to this Court's diversity jurisdiction, 28 U.S.C. Section 1441(b). Harvest objects to the removal and asks that the

case be remanded to Colorado state court because there is not complete diversity of citizenship. This Court is required to make a de novo determination of those portions of a magistrate judge's recommendation on a dispositive issue to which a specific objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. Fed. R. Civ. P. 72(b). In the Tenth Circuit, motions to remand are considered dispositive. *See First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 996 (10th Cir. 2000).

As Magistrate Judge Neureiter recognized, the record indicates Harvest is a Colorado non-profit entity and Resound is an Oregon non-profit religious corporation with its principal place of business at 1400 NE 48th Avenue, Suite 100, Hillsboro, OR 97124. ECF 65 at 4. Based upon the sworn filings in the case and allegations in the pleadings, Magistrate Judge Neureiter concluded the parties are diverse. Nonetheless, Harvest argued that complete diversity does not exist because one member of Resound's Board of Directors is a Colorado resident. Magistrate Judge Neureiter rejected this argument. ECF No. 65 ("The Court rejects Harvest's argument that 'Resound's 'nerve center' is its Board of Directors, wherever they are located,' as unsupported by case law or common sense."). Instead, applying *Hertz*, Magistrate Judge Neureiter correctly determined that Resound's nerve center is Oregon. *See Hertz Co. v. Friend*, 599 U.S. 77, 95-96 (2010) (The nerve center test requires a court to determine "the center of overall direction, control, and coordination" of a corporation, as well as where the top officers of the corporation are located and where "the bulk of a company's business activities visible to the public take place.")

3

Harvest objects to the finding that Resound's nerve center is in Oregon. Instead, it reiterates its "novel" argument—without any legal authority to support it—that, because one member of Resound's four-member board of directors is domiciled in Colorado, diversity should not be considered complete. There is no dispute that Resound is incorporated under the laws of Oregon, its bylaws identify Oregon as its "principal office," and the President of Resound filed a declaration confirming that Resound's headquarters are located in Hillsboro, Oregon. This Court finds no support for Harvest's argument and agrees with Magistrate Judge Neureiter's determination that Resound is an Oregon citizen. Accordingly, the Court has diversity jurisdiction under 28 U.S.C. § 1332. Harvest's objection is **OVERRULED**.

## II. Harvest's Motion to Appoint a Receiver

Unlike the motion for remand, a determination on a motion for receivership is considered a non-dispositive ruling. *See Wells Fargo Bank, N.A. v. Mesh Suture Inc.*, No. 19-CV-03218-PAB-GPG, 2020 WL 5822019, at *1, n.4 (D. Colo. Feb. 11, 2020). "Magistrates may issue orders as to non-dispositive pretrial matters, and district courts review such orders under a 'clearly erroneous or contrary to law' standard of review. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988). The clearly erroneous standard "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).

The Magistrate Judge recommends that the Court deny Harvest's motion to appoint a receiver over the real property in dispute (the "Subject Property"). Magistrate Judge Neureiter recognized that receivership "is an extraordinary equitable remedy that lies in the discretion of the court, justifiable only in extreme situations." *Waag v. Haam*, 10 F. Supp. 2d 1191, 1993 (D. Colo. 1998). In deciding whether to exercise its discretion to appoint a receiver, *Waag* instructs a court to consider: "(1) the existence of a valid claim by the moving party; (2) the probability that fraudulent conduct has occurred or will occur to frustrate the claim; (3) imminent danger that the property will be lost, concealed, or diminished in value; (4) inadequacy of available legal remedies; (5) lack of a less drastic equitable remedy; and (6) the likelihood that appointment of a receiver will do more harm than good." *Waag*, 10 F. Supp. 2d at 1993.  Analyzing the *Waag* factors, the Magistrate Judge determined that the factors weigh against the appointment of a receiver and this Court does not find that this recommendation is clearly erroneous or contrary to law.

Indeed, the Objection does not address the *Waag* factors or how they might favor appointment of a receiver. Instead, Harvest uses its Objection as an opportunity to reargue its allegation that the Subject Property was fraudulently conveyed and continues to claim that it will suffer irreparable harm if Resound fails to maintain the Subject Property and loses a paying tenant. The Objection is devoid of legal authority challenging the Recommendation's analysis and provides nothing that would suggest to the Court that the Magistrate Judge's analysis was clearly erroneous.

Thus, Harvest's objection is **OVERRULED.**

Accordingly, the Court **ORDERS:**

1. Harvest's Objection to the Recommendation is **OVERRULED**;

2. The Recommendation, ECF No. 65, is **ACCEPTED** and **ADOPTED**;

3. Harvest's Opposed Motion for Remand, ECF Nos. 32 is **DENIED**;

4. Harvest's Opposed Forthwith Motion to Appoint Receiver Over Subject Property Pursuant to Fed. R. Civ. P. 66, ECF Nos. 47, 53 is **DENIED.**

DATED: September 29, 2023.

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge